***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
The following documents were introduced into evidence by stipulation of the parties at the hearing before the deputy commissioner:
 EXHIBITS
1. Plaintiff's Exhibit 1: North Carolina Department of Correction form Notice of Action Taken by Classification Authority dated January 28, 1997.
2. Plaintiff's Exhibit 2: North Carolina Department of Correction form Notice of Hearing for Consideration dated January 23, 1997.
3. Plaintiff's Exhibit 3: North Carolina Department of Correction form Notice of Hearing for Consideration dated January 28, 1997.
4. Defendant's Exhibit 1: North Carolina Department of Correction Medical Records for plaintiff.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. Plaintiff was incarcerated by the North Carolina Department of Correction at the Caledonia Correctional Institute on January 12, 1997.
2. Plaintiff underwent surgery to his right foot at Duke Medical Center in 1995. A part of the surgical procedure required the insertion of metal screws in plaintiff's foot.
3. Plaintiff alleges that in 1997 one of the surgical screws inserted began to reverse itself as evidenced by the screw visibly forcing itself against plaintiff's skin. Plaintiff alleges that a Dr. Crockran and Nurse Emery, North Carolina Department of Correction employees or agents, were negligent in failing to timely provide treatment for the condition.
4 In its Opinion Award filed on July 14, 2003, the Full Commission ordered that Chief Deputy Commissioner Gheen require the North Carolina Department of Correction to provide a complete copy of plaintiff's medical records and submit those records to Dr. Frank H. Bassett, III, plaintiff's treating physician, to determine if he could formulate an opinion as to the issues related to the alleged delays in plaintiff's medical treatment.
5. Dr. Bassett was provided with a copy of the Full Commission's Decision Order dated July 14, 2003. A complete copy of the initial trial transcript, which included all plaintiff's medical records as well has his testimony, was provided to Dr. Bassett.
6. Dr. Bassett has issued a letter received on April 19, 2004 indicated, "I am unable to render an opinion. I only saw the patient once in April of 1997 and the records that accompanied this request are inadequate."
7. Plaintiff's medical records have been reviewed in their entirety.
8. The evidence suggests, but does not prove by the greater weight of the evidence, that North Carolina Department of Correction employees or agents were not timely in securing medical treatment to remove the bone screw. From the evidence presented, the medical records do not document with sufficient clarity plaintiff's allegations. As Dr. Bassett is unable to formulate an opinion as to the issues, plaintiff has failed to introduce expert opinion evidence as to the standard of care, breach of that care or evidence of injury as a proximate cause of any breach of the applicable standard of care.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSION OF LAW
In order to maintain an action for medical negligence, plaintiff must offer evidence to establish by the greater weight of the evidence (a) the applicable standard of care; (b) breach of that standard; (c) proximate cause; and (d) damages. Turner v. Duke University, 325 N.C. 152,381 S.E.2d 706 (1989). Plaintiff has failed to introduce expert testimony as to the standard of care, breach of that standard and proximate cause. Therefore, plaintiff's claim for medical negligence must be DISMISSED. N.C. Gen. Stat. § 143-291.
 ***********
The forgoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claims under the State Tort Claims Act medical negligence must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Bunch was permitted to proceed in formapauperis.
This the 10th day of November 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
DCS/llc